[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the above matter, referred to the undersigned, the plaintiff/owners of property in the Town of Bethany are appealing, de novo, pursuant to 12-128 of the Conn. General Statutes, the rulings of the defendant Board of Tax Review, in failing to reduce the tax assessments for October 1, 1990 and October 1, 1991.
Both parties adduced expert testimony on the real estate involved. The defendant Town's assessor had placed a valuation on the real estate in issue for each assessment year as follows:
 Lot $ 84,000 Land 93,000 Dwelling 58,500 --------- TOTAL $ 235,600
The subject property consists of "an irregular shaped, rear parcel of land enjoying approximately 51.33 feet of frontage along the westerly side of Brooks Road and containing a total land area of 23.68 acres. The site consists of a 3.17 acre building lot and 20.50 acres of unimproved excess acreage. The building lot is currently improved with a masonry and frame residential dwelling. Other site improvements include a paved driveway and landscaping."
The "Lot Sketch", attached to the Nitz Appraisal Report for the defendant, graphically describes the property. The parcel is located in a rural, desirable location, with convenient access to the state highway system, and is entered from Brooks Road, a paved macadam street maintained by the Town of Bethany.
For clarification purposes the appraiser, the Donald Nitz Associates, Inc., has divided the total area of 23.68 acres into CT Page 10813 two abutting lots, enjoying a frontage of roughly 25.67 feet each and areas of 3.17 acres for Lot #1, and 20.50 acres for the deeper rear parcel. The 3.17 acre lot is improved with a frame residential building, whereas the rear lot is unimproved excess and. There is a bulldozed road which provides a rough entry into the interior of lot #2. The site has well water, septic sanitary sewers, electricity and telephone service available.
The subject property is in an R-130 Residential zone, but is subject to a non-conforming use, because the existing residential building does not have the required 300' dimension of the lot at the building line.
The single family house dates from 1957, and contains 6 rooms, of which 3 are bedrooms, and 2 bathrooms. It has a full basement under the main section of the building, and a hot water furnace provides heating and domestic hot water.
The parties agree that the highest and best use of the property is its continued use as improved. The possibility appears to exist that the rear portion of 20.50 acres could be subdivided at some future time, if certain required variances and approvals can be obtained. Because it is in the West Rock Conservation area, it requires that notice of any changes in the rear portion must be communicated to the Commissioner of Environmental Protection. See Special Act No. 75-80 as amended.
Both appraisal experts, Robert Sierachi of Nitz Associates, for the defendants, and William Donaruma of the "Appraisal Company", of Branford, Ct., for the plaintiffs, agree that a "Market Value Approval" is the most appropriate method to determine the value of the subject property.
The plaintiffs' appraiser listed three claimed comparable sales, set out in plaintiffs' Exhibit C, as follows: Lot 47, Wooding Hill Rd., Bethany, $60,000; 10 Miller Rd., Bethany, $87,000; and 6 Hiann Court, Bethany, $99,500. It may be noted that the first comparable property — 47 Wooding Hill Rd. — is about 2 miles distant from the subject property and is easterly of Route 69, the Litchfield Turnpike. The second and third plaintiffs' comparable sales are located westerly of Route 63, Amity Road.
The appraiser, Donaruma, claimed that comparable #1 is most similar to the subject property, because it consists of 23 acres of land only. He assigned a market value of only $60,000 to this sale. Exhibit C contains the explanation that "[t]he value is inland only — existing improvements i.e house, is not part of this appraisal. Value based upon subject being one approved building lot." This same appraiser comments further, page 2 of Exhibit C, CT Page 10814 "Value based upon market data. Approach only for one building lot." He gave his "estimate of the market value" "AS DEFINED, OF SUBJECT PROPERTY AS OF APRIL 22, 1991 to be $90,000"
The defendant Town has rebutted the plaintiffs' claim as to Comparable Sale #1, that there was a sale of 23 acres for only $60,000. Defendant's Exhibit 3 is a copy of a Warranty Deed, filed in the office of the Town Clerk of Bethany, which attests that only an undivided one-third interest (emphasis added) was conveyed by the owners on December 27, 1990 (the date listed in Plaintiff's Exh. C as the sale date of the 23 acre parcel.)
Since Comparable Sale #1 is considered the strongest evidence of market value of the subject property, by the plaintiffs' appraiser, this fact, in and of itself, creates considerable doubt on the plaintiffs' claim of a $90,000 market value only for the assessment in issue here in.
The trial notes of the undersigned show that William Donaruma, the real estate appraiser for the plaintiffs, who examined the property in April 1991, admitted on cross-examination, that no houses were standing on the 3 comparable parcels, so that there was no valuation of houses involved.
He considered the entire 23 acre parcel as one building lot in a 3 acre zone; and appraised it at $90,000 without giving any value to the house existing on the lot since 1957. In essence, he appraised the 23 acre parcel as though there were no improvements on it.
The examination of the appraiser, Donaruma, brought out that he has been a state-licensed real estate appraiser for only 1-1/2 years, and his experience was, therefore, limited. He was forced to acknowledge that, if $60,000 was paid over for just a one-third interest in the 23 acre Wooding Hill parcel, the total value should be about $180,000 not $60,000.
The defendant's appraiser, Robert Sierachi, testified that he prepared the defendant's appraisal report, Exhibit 4. The undersigned finds it to be detailed and comprehensive, with lot and building sketches, location and zoning maps. The separate schedule of "Ranch Style Single Family Residential Sales Data" shows 5 comparable sales, as follows:
Location S. Price SFLA Rms/BR/Bths. Garage (Acres) Per SFLA — -------------- -------- ---- ------------ ------ ------- -------- 67 Ann Drive 08/01/89 Bethany $246,000 2079 6 3 1.5 2 B.I. 1.6 $118.33
36 Perkins Dr. 12/01/89 CT Page 10815 Bethany $283,000 2348 8 4 2 2 B.I. 1.5 $120.53
378 Bethmour Rd. 02/22/89 2205 6 3 Bethany* $375,000 600 4 2 1 2 Att. 5.6 $133.69 ---- — — — 2805 10 5 3
136 Schaffer Rd. 06/02/89 Bethany $246,000 2358 8 4 2.5 2 B.I. 1.64 $104.33
300 Old Mill Rd. 06/04/90 Bethany $220,000 1936 5 3 2 2 B.I. 3.3 $113.64
Sierachi arrived at a market valuation for lot One of the subject property (on which the plaintiffs' home is located), by using the rate of $115.00 per sq. ft. for 2008 sq. ft., amounting to $230,000.
On page 9 of Exhibit 4, Sierachi sets forth his "Summary of Values" as follows:
"Summary of Values
 Improved Lot No. One of which $125,000 is attributable to the land: = $230,920
 Lot No. Two (excess land): 140,000 -------- Total Value as of October 1, 1989: = $370,920"
Defendant's Exhibit 4 then summarizes his valuation data on page 14.
"Values Via the Market Data Approach
 Building Lot No. One (3.17 Acres: $125,000 Improvements on Lot No. One: 105,920 Excess Land — Lot No. Two (20.51 Acres): 140,000 -------- Total Market Value: $370,920
rounded $371,000"
The undersigned has visited the subject parcel in the company of counsel, and was driven up into the rear portion of the parcel Lot No. Two (20.51 acres), which is given a valuation of $140,000. CT Page 10816
FINDING OF FACTS
On thorough examination of the evidence adduced, and the opinion of the respective appraisers, the undersigned finds and concludes that the defendant's evidence, particularly as set forth in the Appraisal Report (Exh. 4), as to the valuation of Building Lot No. One (3.17 Acres) at $125,000, and the improvements on Lot No One at $105,920, is the more persuasive evidence.
CONCLUSION
The undersigned also concludes that an adjustment in value should be made as to the Lot No. Two (20.51 acres) portion of the entire parcel. It appears to be still pretty much in a "wild" state, and entry by a motor vehicle was quite difficult, attesting to its "wildness". Its development for residential purposes would require extensive gradation and development.
The undersigned, therefore, concludes that a valuation of $100,000 for this "Excess Land — Lot No. Two (20.51 Acres)", as described on page 14 of the defendant-appraiser's report, would be fair and equitable.
JUDGMENT
Judgment is accordingly entered that the real property of plaintiffs, William J. Arpine and Benelyn M. Mendiola, located at 150 Brooks Road, Bethany, Connecticut, 06525, should be placed on the grand lists of said Town of Bethany, Connecticut; effective for the tax years, October 1, 1990 and October 1, 1991, and should be based on total market value of $330,000 (rounded).
And said gross assessment shall be reduced to seventy (70%) percent of market value for said grand lists of October 1, 1990 and October 1, 1991, namely, $231,000, which amount is ordered to be used by the defendant Town for tax years in issue.
A. FREDERICK MIGONE State Trial Referee.